IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WENDY TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROSENTHAL, STEIN AND | ) |
| ASSOCIATES, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, WENDY TURNER, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, ROSENTHAL, STEIN AND ASSOCIATES, LLC, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. WENDY TURNER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Chicago, County of Cook, State of Illinois.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly incurred by Plaintiff for her personal use and/or for household expenditure.

1

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. ROSENTHAL, STEIN AND ASSOCIATES, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant is registered as a limited liability company in the State of Georgia.

8. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

13. On or about May 17, 2011, Plaintiff received a telephone call from a duly authorized representative of Defendant, who stated that he was calling from "Rosenthal, Stein and Associates."

14. The aforementioned telephone conversation was Defendant's initial communication with Plaintiff.

15. Defendant's duly authorized representative informed Plaintiff that he was calling regarding "check fraud charges that were pending against [Plaintiff]."

16. Defendant then asked Plaintiff if she had been served with process relative to the charges that were pending against her.

17. Defendant then told Plaintiff that she could avoid being served with process if she paid her bills.

18. Defendant's representation that Plaintiff was going to be served with process had the effect of conveying to an unsophisticated consumer that a lawsuit had been filed against Plaintiff with respect to the debt she allegedly owed.

19. Defendant's representation that a lawsuit had been field against Plaintiff was false, deceptive and/or misleading given that at the time Defendant made the aforementioned representation no lawsuit had been filed against Plaintiff with respect to the debt she allegedly owed.

20. Defendant's representation that a lawsuit had been filed against Plaintiff misrepresented the character, status and/or legal nature of the debt on which it was attempting to collect given that at the time Defendant made the aforesaid representation no lawsuit had been against Plaintiff relative to the debt she allegedly owed.

21. Defendant has not filed a lawsuit against Plaintiff for the debt she allegedly owes.

22. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt she allegedly owes.

23. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

24. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

25. During the course of the aforesaid telephone call, Plaintiff told Defendant that she did not know what debt Defendant was attempting to collect from her.

26. Plaintiff further told Defendant that she had never received any correspondence from Defendant relative to the debt she allegedly owed.

27. Defendant informed Plaintiff that it was not required to provide her with any documentation relative to the debt she owed.

28. Defendant's representation that it was not require to provide Plaintiff with any documentation relative to the debt she allegedly owed was false, deceptive and/or misleading given that Defendant was under an obligation to provide Plaintiff with documentation relative to the debt within five (5) days of its initial communication with Plaintiff.

29. During the course of the aforesaid telephone call, Defendant then reiterated to Plaintiff that she had to pay her bills to avoid being charged with check fraud.

30. Defendant's representation that check fraud charges were pending against Plaintiff was false, deceptive and/or misleading given that at the time Defendant made the aforementioned representation no criminal charges had been filed against Plaintiff with respect to the debt she allegedly owed.

31. Defendant's representation that check fraud charges were pending against Plaintiff had the effect of conveying to an unsophisticated consumer that Plaintiff had engaged in criminal conduct with respect to the debt on which it was attempting to collect.

4

32. Defendant's representation that check fraud charges were pending against Plaintiff misrepresented the character, status and/or legal nature of the debt on which it was attempting to collect given that at the time Defendant made the aforesaid representation no such charges were pending against Plaintiff.

33. Plaintiff has not engaged in criminal conduct with respect to the debt on which it was attempting to collect.

34. Defendant's representation that Plaintiff had engaged in criminal conduct was false, deceptive and/or misleading given that Plaintiff had not engaged in the aforesaid conduct relative to the debt on which it was attempting to collect.

35. Defendant's representations that Plaintiff had engaged in criminal conduct were statements made by Defendant to Plaintiff in an attempt to disgrace Plaintiff.

36. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

37. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   c. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    d. Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);

    e. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    f. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    g. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

    h. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

38. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V.    JURY DEMAND

39. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, WENDY TURNER, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

    Respectfully submitted,
    **WENDY TURNER**

    By:   s/ David M. Marco
         Attorney for Plaintiff

Dated: June 29, 2011

6

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us